No. 1816

Second Circuit Appeal

---

J. W. SIMPSON v. GEORGE K. FOSTER

---

(Feb. 3, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. **Louisiana Digest — Obligations — Par. 182; Builders and Buildings—Par. 30.**

Where the preponderance of the testimony is to the effect that the plaintiff did as well with the work as he could have done considering the condition of the old canvas which had to be used under the wall paper according to the conditions of the contract, he can recover the amount agreed upon in payment for the work.

2. **Louisiana Digest—Bills and Notes—Par. 233.**

In a suit on a promissory note where the defense is lack of consideration due to unsatisfactory paper-hanging, the preponderance of the testimony shows the work done as well as could have been done under the conditions existing, plaintiff can recover the face value of the note with interest and attorneys fees.

Appeal from the First Judicial District Court of Louisiana, Caddo Parish, Hon. T. F. Bell, Judge.

This is a suit on a promissory note for the face value of the note with interest and attorney's fees.

There was judgment for plaintiff and defendant appealed.

Plaintiff answered the appeal asking that the judgment be increased.

Judgment increased and affirmed.

Cal. D. Hicks, of Shreveport, attorney for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendant, appellant.

ODOM, J. This is a suit for the sum of $198.38 with interest at 8% per annum from October 26, 1921, the date of the note, until paid .and attorney's fees at 10%. The note is attached to and made part of the petition.

Defendant is the owner of a private residence in the City of Shreveport. He employed plaintiff to re-paper it and do some painting on the inside. The work was done in the month of June, 1921. On October 26th following, defendant executed his note for the sum of 190.38 due on November 26th, to cover the price of the work. This suit is to recover the amount of the note.

Defendant answered admitting the execution of the note, but alleges that the note was given "in payment of a certain job of wall papering and that said wall papering was done in a faulty, negligent, careless manner with improper materials and not according ·to the agreement between plaintiff and defendant".

And he further alleges that the work done was worthless, was absolutely useless, and he prays that plaintiff's demand be rejected.

There was judgment in the lower court in favor of the plaintiff for the sum of $141.80 with interest and attorney's fees. From this judgment defendant has appealed. Plaintiff answered the appeal asking that the judgment be amended so as to allow the full amount sued for.

## OPINION.

There seems to be no controversy over the price of the work that seems to have been agreed upon, and defendant executed his note to cover the amount on October 26th, after the work was done in June.

The controversy which brought on this litigation arose over the quality of the work done, the defendant claiming that the work was wholly defective and worthless to him. On that plea he expects to escape liability on the note.

We are not convinced that the defendant got a first class job of work but we are convinced that he got all he had a right to expect under the contract which he made with the plaintiff. When he contracted with the plaintiff to do the work he informed him that he did not want to spend much money on the house but merely wanted it fixed up so that he could sell it. Plaintiff says he ·told defendant that he should have new canvas, but defendant told him he did not want to spend much money for new canvas and to use the old canvas as he found it on the wall. Defendant admits that he told plaintiff to put the paper on over the old canvas and this was done. Very soon it was ·discovered that the paper was "bagging". Plaintiff's attention was called to this and he sent a man ·to the house to repair it. The man who did this repairing says that Foster, the defendant, showed him what was to be done and that he did it.

But we think it is clear that there were, after this repair work was done, places where the paper had· pulled loose from the walls especially around the corners, and that this caused the paper in places to hang loose. The question is, what caused it to "bag" or **hang loose?**

Plaintiff says he did a first class piece of work so far as the papering was concerned and that all the trouble was caused on account of the fact that the canvas was old and would not hold. In this he is corroborated by Schecknayder, J. L. Simpson, Paul Reynolds and Ed. Williams.

E. R. Darrow, who was called as a witness, testified for defendant on the first trial that the work was very poor but said it might be that the canvas was rotten and tore loose from the wall. However, when the case was re-opened, he was recalled and said that he had, since the first trial, examined the canvas and found it good and that he now thinks the trouble was due to the fact that the old canvas was not properly tacked to the wall.

Will Bell, called for defendant, said the canvas was not properly tacked. He says that the canvas would hold tacks, although it was old and of a cheap grade.

The preponderance of the testimony is to the effect that plaintiff did as well with the work as he could have done considering the condition of the old canvas. We are not convinced that there was a great deal wrong with the papering. Defendant evidently was not very badly dissatisfied with the work for we find that he signed a note in payment of the price of the work; something like four months after it was completed. He says he signed the note with the understanding that plaintiff would repair the work. Plaintiff denies this, but says that defendant did make a complaint and that he did all that he was asked to do.

We find in the record a letter written by defendant to Mr. Hicks, counsel for plaintiff, dated December 29, 1921, a little more than a month after maturity of the note sued on. This letter is in reply to one written to him by Mr. Hicks on the day before demanding payment of the note. In this letter there is no word of complaint as to the character of the work done, nor does he ask for any reduction of the amount. He asks that he be allowed time in which to make the payment as he has no "ready money with which to pay note", and he says "may I not ask that you give the facts due consideration before taking any action? I assure you that the account will be paid in time".

This letter viewed in connection with the fact that the note was executed about four months after the work was done and in connection with the testimony leads to the conclusion that plea of want or failure of consideration interposed by defendant is an afterthought.

The court below rendered judgment in favor of plaintiff for $141.80. We are not informed as to how this exact amount was ascertained. The court evidently considered that the defendant should have some credit on the note on account of defective work, but just how it arrived at the amount of the credit is not explained. We do not think that the defendant is entitled to any credit under the testimony and if we did, we would not know what allowance to make as there is no testimony in the record to show how much it would cost to put the papering in the condition which the defendant and some of his witnesses think it should be. One of the witnesses said something about having repaired his own house at a cost of $50.00 and gave the number of rooms in his house. Later on, he corrected his testimony, by stating there were only three rooms in his house and that, of course, it would cost less to re-paper three rooms; but no one estimated the cost of putting the papering on defendant's house in that condition which he seems to think it should be.

The plaintiff sued for $198.38 and attached the note onto his petition and made it a part thereof. We find that note is for the sum of $190.30.

Our conclusion is that the plaintiff should have judgment for the full amount of the note sued on with interest, attorney's fees and costs.

For the reasons assigned, it is therefore ordered that the judgment appealed from be amended so as to read as follows: It is therefore ordered, adjudged and decreed that plaintiff, J. W. Simpson, do have judgment against defendant, George K. Foster, in the sum of one hundred and ninety and 38/100 dollars with interest thereon at 8% per annum from November 26, 1921, until paid, together with 10% on the amount of principal and interest, as attorney's fees, and all costs of this suit.